IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



JEFFREY MORRIS, On Behalf of Himself
and All Other Persons Similarly Situated,

      Plaintiff,

vs.

PLANET TOYS, INC. and CBS
BROADCASTING, INC.,

      Defendants.

**CLASS ACTION COMPLAINT**

## NATURE OF ACTION

1. Plaintiff Jeffrey Morris, by and through his undersigned counsel, individually and on behalf of the class of others similarly situated, brings this action against Defendants Planet Toys, Inc. ("Planet Toys") and CBS Broadcasting, Inc. ("CBS") for deceptive business practices in violation of the New York General Business Law, § 349 ("GBL §349") and various common law torts.

2. Plaintiff brings this action on behalf of all persons who purchased, or acquired as a gift, a CSI Fingerprint Examination Kit and/or a CSI Field Kit.

3. Despite marketing its toys as safe for children, Defendant Planet Toys distributed "CSI Fingerprint Examination Kit" and "CSI Field Kit" ("CSI kits") which contained fibers of tremolite, a form of asbestos, a toxic hazardous substance.

4. The CSI kits contain, amongst other things, a white fingerprinting powder that has been found to contain tremolite, a form of asbestos.

5. Asbestos is a widely known carcinogen and it is well established that there are no safe levels of asbestos. The inhalation or ingestion of asbestos fibers can cause serious long term injury or death. Planet Toys' representation that its toys are safe for children is fraudulent and deceptive.

6. The CSI kits were sold at various retailers throughout the United States.

7. Defendant CBS, the owner of the CSI name and/or brand, directly or through a license, either designed, marketed, manufactured and/or sold said CSI kits.

Class Action Complaint            1

8.      On December 24, 2007, Planet Toys announced a "stop sale" on the CSI kits.  Despite the
        "stop sale," Planet Toys has not offered to reimburse Plaintiff and the Class for the costs
        of the CSI kits.  Planet Toys has failed to compensate Plaintiff and the Class for their
        damages or make them whole.  Accordingly, Plaintiff brings this action to recover actual
        and compensatory damages for himself and the Class.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C.
        § 1332(d), because the matter in controversy in this class action exceeds $5,000,000,
        exclusive of interest, costs, and attorney's fees, and there is diversity among the parties:
        Defendant Planet Toys is a corporate resident of Delaware with its corporate office
        located in New York, and CBS is a New York corporation with its headquarters in New
        York, NY.  Plaintiff is a resident of Glen Carbon, IL.

10.     Personal jurisdiction and venue are proper in this District, inasmuch as Defendants are
        either incorporated in or conduct a substantial amount of business in this District.

## THE PARTIES

11.     Plaintiff resides in Glen Carbon, Illinois.  Mr. Morris purchased a CSI Fingerprint kit on
        or about December 20, 2007 at a Walgreen's in Glen Carbon, Illinois.

12.     Defendant Planet Toys manufactures and markets toys.  Planet Toys is a Delaware
        Corporation with its corporate offices located in New York, New York.

13.     Defendant CBS is a New York Corporation with its headquarters in New York, New
        York.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of
        Civil Procedure on behalf of himself and all others similarly situated who purchased or
        acquired as a gift a CSI Fingerprint Examination Kit and/or a CSI Field Kit.  Excluded
        from the Class are (i) Planet Toys and any person who distributes or sells Planet Toys,
        and (ii) persons who timely and validly exclude themselves from the Class.

15.     Members of the Classes are so numerous that joinder of all members is impracticable.

Class Action Complaint                        2

Thousands of people throughout the United States purchased the allegedly defective toys and are, thus, members of the Class. The exact number of the members of the Class and their addresses can be ascertained from the books and records of Defendants through discovery.

16. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely any individual members of the Class, including the following:

    (a)    whether the products possess a common defect;

    (b)    whether Plaintiff and members of the Class purchased or received as gifts the CSI kits;

    (c)    whether the Defendants are refusing to reimburse the Plaintiff and members of the Class for the cost of the defective product;

    (d)    whether the Defendants were obligated to disclose the existence of the defect, and if so, whether the Defendants failed to disclose the defect to the members of the Class;

    (e)    whether the Defendants had knowledge of the defect;

    (f)    whether the Defendants breached the implied warranties of merchantability and fitness;

    (g)    whether the Defendants extended express warranties to members of the Class, and if so, whether the Defendants breached those express warranties and wither the limitations on those express warranties are unconscionable and unenforceable;

    (h)    whether the Defendants' conduct as alleged in this Complaint has violated § 349 of the General Business Law

    (i)    whether the Class has been damaged and/or suffered irreparable harm and, if so, the extent of such damages and/or the nature of the equitable and injunctive relief to which each member of the Class is entitled; and

    (j)    whether the Defendants have acted and are about to act on grounds generally applicable to the Class, thereby making it appropriate to render final injunctive, or corresponding declaratory relief, with respect to the Class.

17. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has the same interests as the other members of the Class.

18. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained able counsel with extensive experience in consumer fraud and class

action litigation.  The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other members of the Class.

19. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.  Plaintiff will encounter no difficulty in managing this action as a class action.

## SUBSTANTIVE ALLEGATIONS

**The Defendants Marketed the CSI Kits as "High Quality and Good Products" Despite the Fact That They Contained Dangerous Asbestos Fibers**

22. Defendant Planet Toys' marketing campaign is built around ensuring parents that its toys are of the highest quality.  For example, on its website, Defendant Planet Toys states:

> "The goal of Planet Toys is to develop, produce and deliver innovative, unique and fun products for children around the world to enjoy over and over again."
>
> "Planet Toys prides themselves on **high quality and good performing products in order to obtain 100% customer satisfaction.**"

(emphasis added)

23. Plaintiff and the Class were deceived by the Defendants' representations and purchased the CSI kits believing the toys were safe and fun products for their children.

24. However, despite the clear representations that the CSI kits were safe and of high quality,

the Defendants manufactured, distributed, and/or sold the Chinese-made toys that

contained dangerous asbestos fibers. The children that played with these toys have

inhaled and/or ingested asbestos fibers that can cause serious long-term injury or death.

**The Defendants Knew or Should Have Known of the Dangers of Asbestos in Children's Toys**

25.    The inhalation of asbestos fibers can cause serious diseases of the lungs and other organs

that may not appear until years after the exposure has occurred.

26.    The inhalation of asbestos fibers has been associated with many types of cancer,

including mesothelioma, lung cancer, laryngeal cancer, colon cancer, and esophageal

cancer, as well as asbestosis, which is a chronic and deadly fibrotic lung disease.

Tragically, most asbestos related diseases are incurable.

27.    Very small exposures to asbestos can produce disease in humans. Thus, there is

widespread recognition of the fact that there is no such thing as a "safe level" of asbestos

exposure.

28.    Accordingly, the Defendants knew or should have known that manufacturing, distributing

and selling CSI kits containing asbestos was dangerous and deadly and such toys were

not safe as the Defendants represented them to be.

## COUNT I

## VIOLATIONS OF SECTION 349 OF NEW YORK

## GENERAL BUSINESS LAW: DECEPTIVE ACTS AND PRACTICES

29.    The allegations contained in each paragraph set forth above in this Complaint are

realleged and incorporated by reference as if fully set forth herein.

30.    Defendants' unfair marketing of the products as a quality product and safe for children

constitutes unlawful, unfair, deceptive and fraudulent business practices in violation of §

349 of New York's General Business Law.

31.    Defendants knew or should have known of the defect at all material times.

32.    Defendants concealed or omitted mention of the presence of asbestos in the CSI kits to

consumers.

33.    The presence of asbestos in the CSI kits was material to consumers deciding to purchase the product.

34.    The unfair and deceptive trade acts and practices of Defendants have directly, foreseeably and proximately caused damages and injury to Plaintiff and the other members of the Class.

35.    Plaintiff and the other members of the Class have no adequate remedy of law.

36.    Plaintiff, on his own behalf and on behalf of the Class, seeks injunctive relief under § 349 of New York's General Business Law.

## COUNT II

## FRAUDULENT CONCEALMENT

37.    The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

38.    As alleged herein, on or about January 1, 2008, Planet Toys posted on their website a statement that a kit that was tested did not contain asbestos. At the time this representation was made, Planet Toys knew the true facts regarding the defect in its CSI kit, as detailed above, and knew of the potential ramifications of disclosing the defect to Plaintiff and Class members, but failed and/or refused to do so, fraudulently concealing the true facts.

39.    Planet Toys' willful concealment and failures to disclose were made with the intent to induce Plaintiff's and the other Class members' justifiable reliance, and in fact did so, as evidenced by their purchase of the CSI kit. In the alternative, reliance on the part of the Plaintiff and other members of the Class can be properly presumed.

40.    Plaintiff and other members of the Class, unaware of Defendants' concealment or suppression of said material facts, purchased the CSI kit, reasonably relying on the misleading representations and omissions of the Company. Plaintiff and other members of the Class could not have discovered, in the exercise of reasonable diligence, Planet

Toys' fraud and failures to disclose.  Had Plaintiff and the other members of the Class known of the concealed facts, they would not have purchased the CSI kit.

41.   As a proximate result of the foregoing acts and omissions, Plaintiff and the other members of the Class have suffered damages.

## COUNT III

## BREACH OF IMPLIED WARRANTY

42.   The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

43.   The Defendants impliedly represented and warranted that the CSI kits were free of defects; merchantable; and fit for their intended purpose – as toys for children.  The defendant breached these representations and implied warranties.  The Defendants made and/or allowed these misrepresentations to be made with the intent of inducing Plaintiff and the other members of the Class to purchase the CSI kits.  If Plaintiff and the members of the Class had known the true facts, they would not have purchased the toys.

44.   Plaintiff and members of the Class have been damaged and have suffered direct economic loss in that they purchased the products that were defective as set forth above and that failed to comport with the aforementioned warranties.

## COUNT IV

## STRICT LIABILITY

45.   The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

46.   Defendants are strictly liable for damages because (a) they placed the defective product, an asbestos containing toy, in the stream of commerce; (b) the condition of the products, containing asbestos, rendered them unreasonably dangerous; (c) the condition existed when the product left the control of Defendants; (d) the Plaintiff and other members of the Class could not have discovered, in the exercise of reasonable diligence, Defendants'

fraud and failures to disclose and (d) the condition was a proximate cause of the
Plaintiffs' injuries.

47.     Plaintiff and other members of the Class may recover for purely economic loss because
their damages are proximately caused by the Defendants intentional, false representation
that the products were safe, when in fact, they are not.

48.     Plaintiff and members of the Class have been damaged and have suffered direct
economic loss in that they purchased the products that were defective as set forth above.

## COUNT V

## NEGLIGENT PRODUCT DESIGN

49.     The allegations contained in each paragraph set forth above in this Complaint are
realleged and incorporated by reference as if fully set forth herein.

50.     The Defendants have a nondelegable duty to design reasonably safe products for
children.

51.     The defendants also have a duty to test their products.

52.     The Defendants breached their duty when they failed to exercise reasonable care in the
design of the product by allowing asbestos fibers to be used in the fingerprinting powder.

53.     The Defendants knew or should have known of the risk posed by the product design, *i.e.*
the use of asbestos fibers in children's toys.

54.     Plaintiff and members of the Class have been damaged and have suffered direct
economic loss in that they purchased products that were defective as set forth above.

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for
judgment, as follows:

(a)     Declaring this action to be a proper class action and certifying Plaintiff as
a representative of the Class under Rule 23 of the Federal Rules of Civil
Procedure;

(b)     Ordering Defendants to cease and desist from its deceptive acts and
practices, consumer fraud and unconscionable commercial practices;

(c)   Ordering Defendants to provide a reasonable means for purchasers of CSI kits or recipients of CSI kits as gifts to be reimbursed for the products;

(d)   Ordering Defendants to disgorge all profits made as a result of its practices;

(e)   Awarding plaintiff and the members of the Class actual damages;

(f)   Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' and experts' fees, and other expenses incurred in prosecuting this action; and

(g)   Granting pre-judgment interest and such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

January 18, 2008

By: _____

KAMBEREDELSON, LLC
Scott A. Kamber (SK 5794)
Dana B. Rubin (DR 8451)
11 Broadway – 22nd Floor
New York, NY 10004
212.920.3072
212.202.6364 (Fax)
drubin@kamberedelson.com
skamber@kamberedelson.com

GOLDENBERG HELLER ANTOGNOLI
 ROWLAND SHORT & GORI, P.C.
Randy L. Gori
2227 South State Route 157
Edwardsville, IL 62025
(618) 656-5150
(618) 656-8169 (Fax)
randy@ghalaw.com

GLASSMAN, EDWARDS, WADE & WYATT, P.C.
B.J. Wade
26 N. Second Street
Memphis, TN 38103
901.527.4673
901.521.0940 (Fax)

AUDET & PARTNERS, LLP.
William M. Audet
221 Main Street, Suite 1460
San Francisco, California 94105
415.568.2555
 415.568.2556 (Fax)
waudet@audetlaw.com

Class Action Complaint                    9