UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                            :

JEFFREY MORRIS, On Behalf of Himself and  :
All Other Persons Similarly Situated,

                            :      08-CV-0592 (HB)

               Plaintiff,   :

                            :

      -against-            :

                            :

PLANET TOYS, INC. and CBS       :
BROADCASTING, INC.,

                            :

            Defendants.   :

                            :
------------------------------------------------------------X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)


**KANE KESSLER, P.C.**
*Attorneys for Defendants*
1350 Avenue of the Americas
New York, New York 10019
(212) 541 6222

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND FACTS ..................................................................................... 1

LEGAL ARGUMENT ......................................................................................... 3

    A.    STANDARD FOR MOTION TO DISMISS PURSUANT TO
           FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) ....................................... 3

    B.    PLAINTIFF FAILED TO PROPERLY PLEAD
           COUNT I – NEW YORK GENERAL BUSINESS LAW § 349 ........................... 4

           1.    Plaintiff Did Not Plead A New York Nexus as Required by § 349 ........... 4

           2.    Plaintiff Fails to Allege New York General
                 Business Law § 349 Statutory Requirements ............................................... 6

    C.    PLAINTIFF FAILED TO PROPERLY PLEAD
           COUNT II – FRAUDULENT CONCEALMENT ................................................. 9

           1.    Facts for Fraudulent Concealment Must Be
                 Alleged For Each Specific Defendant ........................................................ 12

    D.    PLAINTIFF IMPROPERLY ALLEGED "ECONOMIC LOSS" AS DAMAGES .
           FOR COUNT III, BREACH OF IMPLIED WARRANTY, COUNT IV, STRICT
           LIABILITY AND COUNT V, NEGLIGENT PRODUCT DESIGN .................. 12

           1.    Count III, Breach of Implied Warranty, Cannot Be Based
                 On Only "Economic Loss" As Damages Because
                 No Privity Is Alleged Between the Parties ................................................. 13

           2.    Counts IV, Strict Liability, and Count V, Negligent Product
                 Design Cannot Be Based On Only "Economic Loss" As Damages .......... 14

    E.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED
           AGAINST DEFENDANT CBS BROADCASTING INC. .................................. 16

CONCLUSION ................................................................................................... 17

## TABLE OF AUTHORITIES

*Case*                                                                                    *Page*

Alicea v. Circuit City Stores, Inc.
2008 WL 344695 (S.D.N.Y. Feb 8, 2008) ........................................................... 6

AKV Automobile Transport, Inc. v. Syosset Truck Sales, Inc.
24 A.D.3d 833, 806 N.Y.S.2d 254 (3d Dep't 2005) ........................................... 16

Abraham v. Volkswagen of America, Inc.
795 F.2d 238 (2d Cir.1986) ............................................................................. 14

Ades v. Microsoft Corp.,
2001 WL 1649283 (N.Y. Sup. Ct., Kings Cty, Sept. 20, 2001) ......................... 8

American Refining-Fuel Co. of Niagara, L.P v. Gensimore Trucking Inc.
2007 WL 2743449 (W.D.N.Y. Sept. 18, 2007) ................................................. 14

Baron v. Pfizer
42 A.D.3d 627, 840 N.Y.S.2d 445 (3d Dep't 2007) .......................................... 8

Bell Atlantic Corp. v. Twombly
_ U.S. _, 127 S. Ct. 1955 (2007) ..................................................................... 3

Bezuszka v. L.A. Models, Inc.
2006 WL 770526 (S.D.N.Y. Mar. 24, 2006) ..................................................... 5

Boule v. Hutton,
328 F.3d 84 (2d Cir. 2003) .............................................................................. 6

Consolidated Edison Co. of New York, Inc. v. Westinghouse Electric Corp.
567 F. Supp. 358 (S.D.N.Y. 1983) .................................................................. 16

Druyan v. Jagger
508 F. Supp. 2d 228 (S.D.N.Y. 2007) ...................................................... passim

Four Directions Air, Inc. v. United States
2007 WL 2903942 (N.D.N.Y. Sept. 30, 2007) ................................................. 16

Goshen v. Mutual Life Insurance Co. of New York
98 N.Y.S.2d 314, 746 N.Y.S.2d 858 (N.Y. Ct. App. 2002) ......................... 4, 5

Hicksville Dry Cleaners, Inc. v. Stanley Fastening Systems, L.P.
37 A.D.3d 218, 830 N.Y.S.2d 530 (1st Dep't 2007) ........................................ 7

#285500.1

International Design Concepts LLC v. Saks, Inc.
486 F. Supp. 2d 229 (S.D.N.Y. 2007) ...................................................................6, 8

Inter Impex S.A.E. v. Comtrade Corp.
2004 WL 2793213 (S.D.N.Y. Dec. 6, 2004) .....................................................14, 16

Kwan v. Schlein
2008 WL 506337 (S.D.N.Y. Feb 21, 2008) ..............................................................3

Lerner v. Fleet Bank, N.A.,
459 F.3d 273 (2d Cir. 2006) ....................................................................................11

Leonard v. Tollycraft Corp.
1989 WL 1128247 (S.D.N.Y. Oct. 19, 1989).........................................................14

New York. Leider v. Ralfe
387 F. Supp. 2d 283 (S.D.N.Y. 2005) ......................................................................5

Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.
157 Misc. 2d 606, 597 N.Y.S.2d 884 (N.Y. Sup. Ct. 1993)....................................15

O'Brien v. Citizens Insurance Co. of America
16 Misc. 3d 1120, 2007 WL. 2284689 (N.Y. Sup. Ct. 2007).....................................9

Punsal v. Mount Sinai Services of Mount Sinai School of Medicine of New York
University
2004 WL 736892 (S.D.N.Y. April 6, 2004) ............................................................17

Rothman v. Gregor
220 F.3d 81 (2d Cir. 2000) ........................................................................................3

Small v. Lorillard Tobacco Co.
94 N.Y.2d 43, 698 N.Y.S.2d 615 (Ct. App. 1999) ....................................................8

U.S. v. Bonanno Organized Crime Family of La Cosa Nostra
683 F. Supp. 1411 (E.D.N.Y. 1988).........................................................................17

Weight Watchers Intern, Inc. v. Stouffer Corp.,
744 F. Supp. 1259 (S.D.N.Y. 1990) ..........................................................................7

## STATUTES

New York General Business Law § 349 ..........................................................*passim*

Federal Rules of Civil Procedure 12(b)(6) ....................................................*passim*

## PRELIMINARY STATEMENT

Defendants Planet Toys, Inc. ("Planet Toys") and CBS Broadcasting Inc. ("CBS"), respectfully submit this memorandum of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in support of their motion to dismiss the complaint ("Complaint") of Plaintiff Jeffrey Morris ("Plaintiff" or "Morris"). Each of the counts in Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

As will be set out in more detail below, Planet Toys and CBS seek to dismiss Plaintiff's Complaint in its entirety because Plaintiff's claims are insufficient as a matter of law as follows:

1.    For a claim pursuant to N.Y. General Business Law §349, Plaintiff fails to allege a nexus between his transaction and the State of New York to satisfy the statutory requirements;

2.    For a claim of fraudulent concealment, Plaintiff fails to allege misrepresentation of fact and reliance upon any falsity in purchasing the product that caused any damages;

3.    For claims of breach of implied warranty, negligent product design, and strict liability, Plaintiff fails to allege sufficient and proper damages; and

4.    For Counts I-V, Plaintiff fails to allege any facts to demonstrate that CBS committed any acts and omissions for which CBS could be liable to Plaintiff under the legal theories asserted therein.

## BACKGROUND FACTS

Planet Toys is a toy manufacturer specializing in the development of a wide variety of children's products. Planet Toys developed a line of detective toys for children and adults, including the CSI Field Exam Kit (the "CSI Field Kit") and the CSI Fingerprint Examination Kit (the "CSI Fingerprint Exam Kit") (collectively, the "Products").

Defendant Planet Toys entered into a license agreement on or about June 22, 2004 with CBS Consumer Products, CBS Enterprises, a division of CBS Broadcasting Inc to allow Planet Toys to utilize the CSI television program "CSI" logo for its Products (the "License Agreement," attached to the Affidavit of Lauren Dayton as Exhibit A).

In addition to other components, the CSI Field Kit and the CSI Fingerprint Exam Kit contain white, black, and glow in the dark fingerprint powders, included to simulate various methods in which fingerprints are gathered and analyzed by real crime scene investigators. Planet Toys authorized the sale of the CSI Fingerprint Exam Kit and the CSI Field Kit by retailers until December 23, 2007. (Plaintiff's Complaint ("Compl."), attached to the Affidavit of Lauren Dayton as Exhibit B); (Compl. ¶ 8).

On December 23, 2007, in an abundance of caution and before Plaintiff filed his Complaint, Planet Toys issued a voluntary stop sale ("Stop Sale") of all CSI toy kits containing any fingerprint powders, which consisted of the CSI Fingerprint Exam Kit and the CSI Field Kit. (Compl. ¶ 8). Thus, by December 24, 2007, there was a complete Stop Sale on all CSI Fingerprint Exam Kits and CSI Field Kits.

On January 23, 2008, Plaintiff filed his Complaint against Planet Toys and CBS claiming that the CSI Fingerprint Exam Kit and the CSI Field Kit contained asbestos. (Compl. ¶¶ 2-4). Plaintiff specifically alleged that "[t]he CSI kits contain, amongst other things, a white fingerprinting powder that has been found to contain tremolite, a form of asbestos." (Compl. ¶ 4). In his Complaint, Plaintiff asserted various tort claims and a violation of the New York General Business Law §349. (Compl. ¶¶ 29-54).

## LEGAL ARGUMENT

The Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state any claim upon which relief can be granted. Plaintiff's allegations against Defendants fail to properly plead sufficient facts to support the causes of action asserted in Count I, New York General Business Law §349, Count II, fraudulent concealment, Count III, breach of implied warranty, Count IV, strict liability, and Count V, negligent product design.

## A.    STANDARD FOR MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") provides for dismissal of a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6); *Druyan v. Jagger*, 508 F. Supp. 2d 228, 235 (S.D.N.Y. 2007). In ruling on a motion to dismiss for failure to state a claim, the court is required to accept the material facts alleged in the complaint as true. *Id.* at 235. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955 (2007)). "The allegations offered by the plaintiff must be enough to raise a right to relief above a speculative level." *Kwan v. Schlein*, No. 05 Civ. 0459, 2008 WL 506337, *2 (S.D.N.Y. Feb 21, 2008).

A court may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. *Druyan v. Jagger*, 508 F. Supp. 2d 228, 235 (S.D.N.Y. 2007) (citing *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000)).

**B.    PLAINTIFF FAILED TO PROPERLY PLEAD**
**COUNT I – NEW YORK GENERAL BUSINESS LAW § 349**

Plaintiff's allegations fail to state a claim under New York General Business Law § 349 because Plaintiff's transaction as described in the Complaint alleges no nexus to New York and alleges no facts to demonstrate that Planet Toy's marketing influenced Plaintiff's purchase of the product. Thus, Count I should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

**1.    Plaintiff Did Not Plead A New York Nexus as Required by § 349**

Count I of the Complaint fails as a matter of law because Plaintiff does not allege a nexus between Plaintiff's purchase of the product and the State of New York as required by New York General Business Law § 349 ("N.Y. Gen. Bus. Law § 349" or "§ 349").

In his Complaint, Plaintiff alleges that he "resides in Glen Carbon, Illinois" and that he "purchased a CSI Fingerprint Kit on or about December 20, 2007 at a Walgreen's in Glen Carbon Illinois." (Compl. ¶ 11). Plaintiff has failed to allege that the transaction in which he was deceived occurred in New York. Thus, Count I should be dismissed.

N.Y. Gen. Bus. Law § 349 requires that "the transaction in which the consumer is deceived *must occur in New York.*" *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.S.2d 314, 324, 746 N.Y.S.2d 858, 863-64 (N.Y. Ct. App. 2002) (emphasis added) (explaining "deceptive acts or practices" under the statute "is not the mere invitation of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer in New York").[1]

---

[1] Section 349 refers to conduct "in this state," which "unambiguously evinces a legislative intent to address commercial misconduct occurring *within New York.*" *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.S.2d 314, 324, 746 N.Y.S.2d 858, 863-64 (N.Y. Ct. App. 2002) (emphasis added). The New York Court of Appeals reasoned that to apply the § 349 statute to "out-of-state transactions" "would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law § 349." *Id.* at 324-35.

In *Goshen*, a Florida plaintiff attempted to certify a class action of insurance policy purchasers who claimed an insurance company in New York created a deceptive scheme to induce them to purchase the policies. *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.S.2d 314, 322, 746 N.Y.S.2d 858, 863 (N.Y. Ct. App. 2002).   While the court found that the defendants in *Goshen* had "extensive ties to New York and conduct business in the state," the court dismissed the Florida plaintiff's § 349 claims because the "intent [of the statute] is to protect consumers in their transactions that take place in New York State." *Id.* at 325 (opining that the § 349 analysis "does not turn on the residency of the parties").   The Court of Appeals further stated, the "origin of any advertising or promotional conduct is irrelevant if the deception itself – that is, the advertisement or promotional package – did not result in a transaction in which the consumer was harmed." *Id.* at 326.   Thus, "hatching a scheme" or "originating a marketing campaign" in New York in and of itself does not constitute actionable deception under § 349. *Id.* at 324.

The New York Court of Appeals restricted the geographic scope of N.Y. Gen Bus Law § 349 to transactions in which the consumer is deceived *in New York*. *Leider v. Ralfe*, 387 F. Supp. 2d 283 (S.D.N.Y. 2005) (emphasis added).   Deception through "promotional activities," such as marketing, advertising, or press releases, must demonstrate that the alleged deceptive acts or practices "have a broader impact on consumers at large" in New York. *Bezuszka v. L.A. Models, Inc.*, No. 04 Civ. 7703, 2006 WL 770526, *14-15 (S.D.N.Y. Mar. 24, 2006) (dismissing a cause of action pursuant to §349 for failing to meet the basic pleading requirements by alleging harm in New York) (relying upon *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.S.2d 314, 324, 746 N.Y.S.2d 858, 863-64 (N.Y. Ct. App. 2002)); *see also Alicea v. Circuit City Stores, Inc.*, No. 07 Civ. 6123 (DC), 2008 WL 344695 (S.D.N.Y. Feb 8, 2008) (stating that N.Y. Gen.

Bus. Law §349 does not protect out of state consumers from out of state deceptive business practices).

Plaintiff does not allege any connection to New York.  Plaintiff alleges that he is an Illinois consumer who purchased a product in Illinois.  (Compl. ¶11).  In addition, there are no allegations that any deceptive business practices occurred in New York which relate in any way to Morris's purchase of the product in Illinois.  (Compl. ¶¶ 1-13, 22-36).  The pleadings do not state that Plaintiff viewed any New York advertising or marketing from Defendants in purchasing or using any of the Products.  *Id.*  Thus, Plaintiff's cause of action pursuant to N.Y. Gen. Bus. Law § 349 must be dismissed under Rule 12(b)(6) since there are no allegations indicating a nexus between Plaintiff and New York.

### 2.    Plaintiff Fails to Allege New York General Business Law §349 Statutory Requirements

Additionally, Plaintiff fails to allege all of the elements necessary to state a prima facie case for a cause of action under New York General Business Law § 349 because the Complaint lacks allegations demonstrating causation and damages.

New York General Business Law § 349 states, "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349; *see e.g., Boule v. Hutton*, 328 F.3d 84, 93-4 (2d Cir. 2003) (a plaintiff's complaint must allege there was a "material deceptive act or practice directed to consumers that caused actual harm").

For a § 349 consumer product claim, the plaintiff must demonstrate causation by asserting that the plaintiff has been injured "as a result of" such deception.  *Int'l Design Concepts LLC v. Saks, Inc.*, 486 F. Supp. 2d 229, 238-39 (S.D.N.Y. 2007); *see also Drugan v. Jagger*, 508 F. Supp. 2d 228, 244 (S.D.N.Y. 2007) (a plaintiff must allege that the subject

advertisement actually mislead a reasonable customer).    In granting defendant's motion to dismiss in *Weight Watchers Intern, Inc. v. Stouffer Corp.*, 744 F. Supp. 1259, 1284-85 (S.D.N.Y. 1990), the court held that although Weight Watchers showed Stouffer's promotional advertising was misleading, the plaintiff failed to allege such advertising caused him to suffer damages. Thus, the court held that the plaintiff did not sufficiently plead its claim under N.Y. Gen. Bus. Law. § 349. *Id.* at 1284-85.  Indeed, if a plaintiff fails to aver sufficient facts for a claim under § 349, the claim may be properly dismissed on a motion to dismiss.   *E.g., Hicksville Dry Cleaners, Inc. v. Stanley Fastening Systems, L.P.*, 37 A.D.3d 218, 830 N.Y.S.2d 530, 531 (1st Dep't 2007).

Here, Plaintiff failed to allege any facts in the Complaint to show causation under § 349. (Compl. ¶¶ 29-36).   The Complaint does not contain *any* facts describing Morris's own experience in purchasing the product except that the sale took place at a Walgreen's in Glen Carbon, Illinois.  (Compl. ¶ 11).  Plaintiff alleges that "Defendant's unfair marketing of the products as high quality and safe for children constitutes unlawful, unfair, deceptive and fraudulent business practices in violation of § 349 of New York's General Business Law." (Compl. ¶ 30).  However, the Complaint does not allege that Morris knew of and/or viewed any allegedly deceptive or unfair marketing.  (Compl. ¶¶ 1-54).  The allegations fail to demonstrate how any alleged deceptive act or marketing "caused" Plaintiff to purchase the product. Moreover, the Complaint does not assert that such alleged deceptive marketing had any influence on Plaintiff's purchase.  *Id.*  Thus, there are no allegations of causation in Count I of the Complaint.  (Compl. ¶¶ 29-36).

In addition, Plaintiff failed to allege sufficient facts to show that he suffered an actual injury pursuant to § 349. A plaintiff must assert that he suffered an "actual injury" as a result of

deception. *Int'l Design Concepts LLC v. Saks, Inc.*, 486 F. Supp. 2d 229, 238-39 (S.D.N.Y. 2007). A plaintiff cannot allege injury that "may manifest itself at some time in the future." *Ades v. Microsoft Corp.*, No. 4015/01, 2001 WL 1649283 (N.Y. Sup. Ct., Kings Cty, Sept. 20, 2001) (granting defendant's motion to dismiss plaintiffs claim under § 349).

In *Baron v. Pfizer*, the issue on a motion to dismiss was whether the plaintiff adequately alleged that it suffered an injury. 42 A.D.3d 627, 629, 840 N.Y.S.2d 445, 448 (3d Dep't 2007). Essentially, the plaintiff sought a refund of the purchase price on the ground that it would not have purchased the product absent the defendant's deceptive practices. *Id.* However, the Third Department explained that the New York Court of Appeals "rejected this very argument, i.e., that customers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, suffered an injury under General Business Law § 349." *Id.* (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 698 N.Y.S.2d 615 (Ct. App. 1999)). The Third Department held that "because plaintiff failed to allege actual harm or that she sustained a pecuniary injury," the motion to dismiss was properly granted for failure to state a claim. *Id.*

Plaintiff's averments in Count I are insufficient to show Plaintiff suffered actual harm or that he sustained pecuniary injury. (Compl. ¶¶ 29-36). Plaintiff alleges "[t]he unfair and deceptive trade acts and practices of Defendants have directly, foreseeably, and proximately caused damages and injury to Plaintiff and other members of the Class." (Compl. ¶ 34). However, the Complaint does not describe the nature of these "damages and injury." (Compl. ¶¶ 29-36). As previously indicated, the Product's cost as the sole measure of damage is insufficient as a matter of law.

Therefore, the Court should dismiss Count I pursuant to Rule 12(b)(6) because Plaintiff's Complaint fails to properly allege all necessary statutory requirements to plead a cause of action pursuant to N.Y. Gen. Bus. Law § 349.

## C.   PLAINTIFF FAILED TO PROPERLY PLEAD  COUNT II – FRAUDULENT CONCEALMENT

The Complaint fails to allege sufficient facts to support a cause of action for fraudulent concealment.  To state a cause of action for "fraud based on concealment," "the plaintiff must prove a misrepresentation or material omission of fact which was false and was known to be false by the defendant, made for the purpose of inducing the other to rely upon it, and the justifiable reliance of the other party on the misrepresentation or material omission and injury." *Drugan v. Jagger*, 508 F. Supp. 2d 228, 240-41 (S.D.N.Y. 2007) (citing *O'Brien v. Citizens Ins. Co. of America*, 16 Misc.3d 1120(A), 2007 WL 2284689, *9 (N.Y. Sup. Ct. 2007)).

Plaintiff's Complaint fails to allege all of the elements of fraudulent concealment with the requisite particularity for fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)").  Pursuant to Rule 9(b), the complaint cannot contain "conclusory allegations of defendant's fraudulent scheme," or be based upon circumstantial evidence to plead fraud. *Drugan v. Jagger*, 508 F. Supp. 2d 228, 240-41 (S.D.N.Y. 2007).  Plaintiff cannot merely restate the necessary elements of the cause of action for fraudulent concealment; rather, the pleadings must show all elements of the tort *as they relate to Plaintiff.*

As discussed hereinafter, most of the representations attributed to Planet Toys in the Complaint are not statements of fact.  Additionally, Plaintiff did not actually rely upon the single factual statement alleged in the Complaint.

1.    **Plaintiff Does Not Allege A Misrepresentation of Fact**

Plaintiff alleges in paragraph 22 of the Complaint that Planet Toys marketed the Products

on its website as follows:

> "The goal of Planet Toys is to develop, produce and deliver innovative, unique and fun products for children around the world to enjoy over and over again." "Planet Toys prides themselves on high quality and good performing products in order to obtain 100% customer satisfaction." (Compl. ¶22).

As a result of those "representations," Plaintiff contends that he and the class were

deceived and purchased the Products believing that they were safe and fun products. (Compl.

¶ 23).

Thereafter, in paragraph 24 of the Complaint, Plaintiff improperly attempts to transform

the aforesaid representation in paragraph 22 to a factual statement about the safety of the

Products without any factual basis. However, it is clear that the website marketing statement is

not a statement of fact. Plaintiff's characterization of the website assertions does not transform

them into affirmative statements of fact about safety. Plaintiff cannot rely upon his own

subjective conclusion that the website represented that the Products were safe as the basis to

support a claim of fraud.

2.    **No Facts Are Alleged To Support The Element of Reliance**

The only other statement alleged by Plaintiff to support his fraudulent concealment claim

is contained in paragraph 38 of the Complaint, which states, "on or about January 1, 2008, Planet

Toys posted on their website a statement that a kit that was tested did not contain asbestos."

(Compl. ¶ 38). Although this is arguably a statement of fact, it is clear that Plaintiff did not rely

on the aforesaid statement because Plaintiff alleged that he "purchased a CSI Fingerprint Kit on

or about December 20, 2007 ..." (Compl. ¶ 11).  It is axiomatic that Plaintiff Morris could *not* have relied upon information posted on a website in January to make a purchase in December.

The other allegations in Count II of the Complaint relating to reliance are contained in paragraph 39 in which Plaintiff states,

> "Planet Toys' willful concealment and failures to disclose were made with the intent to induce Plaintiff's and other Class member's justifiable reliance, and in fact did so, as evidenced by their purchase of the CSI kit. In the alternative, reliance on the part of the Plaintiff and other members of the Class can be *properly presumed*." (Compl. ¶ 39) (emphasis added).

The Complaint fails to allege that Plaintiff actually viewed Planet Toy's website, that Plaintiff used and relied upon information on the website in making his purchase, and the allegations fail to demonstrate how the information on the website at the time of his purchase was false or misleading.  (Compl. ¶¶ 37-41).  Moreover, Planet Toys issued a Stop Sale of all CSI products containing the white powder on December 23, 2007 (Compl. ¶ 8), making it impossible for Plaintiff or any other person to purchase a toy from Defendants and their retailers *after* viewing website on January 1, 2008.

A complaint must allege specific facts that demonstrate the consumer's justifiable reliance upon the alleged fraudulent concealment.  *Drugan v. Jagger*, 508 F. Supp. 2d 228, 240-41 (S.D.N.Y. 2007) (claim for fraudulent concealment failed even though website continued to advertise for a concert that had been cancelled earlier because the plaintiff ticketholder had already purchased the ticket and did not rely upon the website information).  In the absence of an allegation that the plaintiffs actually relied on the defendant's acts or omissions, a plaintiff has not stated a claim for fraudulent concealment.  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006).

The allegations concerning reliance in the Complaint are conclusory, speculative, and insufficient as a matter of law to state a claim for fraudulent concealment. The facts described in the Complaint show that Plaintiff did not rely upon any alleged statements made by Planet Toys in purchasing the product.

Based upon the foregoing, it is clear that Plaintiff failed to plead all of the elements of fraudulent concealment, and dismissal is warranted pursuant to Rule 12(b)(6). In addition, the allegations for fraudulent concealment are not plead with the particularity required by Rule 9(b).

### 3. Facts for Fraudulent Concealment Must Be Alleged For Each Specific Defendant

"[W]here multiple Defendants are alleged to have committed fraud, the Complaint must allege specifically the fraud perpetrated by each defendant." *Drugan*, 508 F. Supp. 2d at 241 (citing *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y. 1997)). "The plaintiff must allege specifically what *each defendant* did in furtherance of the fraudulent scheme ..." *Id.* (emphasis added). The Complaint does not allege any specific acts or omissions that would constitute fraudulent concealment by CBS.

### D. PLAINTIFF IMPROPERLY ALLEGED "ECONOMIC LOSS" AS DAMAGES FOR COUNT III, BREACH OF IMPLIED WARRANTY, COUNT IV, STRICT LIABILITY AND COUNT V, NEGLIGENT PRODUCT DESIGN

The Complaint fails to plead sufficient damages to satisfy a claim for breach of implied warranty, strict liability and negligent product design. Plaintiff alleges only "economic loss" as damages for these claims, which is insufficient as a matter of law. (Compl. ¶¶ 44, 47-48, 54). Therefore, Counts III, IV, and V should be dismissed.

With respect to damages concerning these claims, Plaintiff alleges the following:

1. For Count III (breach of implied warranty), "Plaintiff and member of the Class have been damaged and have suffered direct economic loss ..." (Compl. ¶ 44);

#285150.1                                    12

2.      For Count IV (strict liability), "Plaintiff and other members of the Class may recover for purely economic loss ..." (Compl. ¶¶ 47-48); and

3.      For Count V (negligent product design), "Plaintiff and other members of the Class have been damaged and have suffered direct economic loss..." (Compl. ¶ 54).

1.      **Count III, Breach of Implied Warranty, Cannot Be Based On Only "Economic Loss" As Damages Because No Privity Is Alleged Between the Parties**

The Complaint alleges that "Plaintiff and members of the Class have been damaged and have suffered direct economic loss in that they purchased the products that were defective as set forth above and that failed to comport with the aforementioned warranties." (Compl. ¶ 44). However, economic loss is not a sufficient measure of damages as matter of law without alleging there is privity between Plaintiff and Defendants in the purchase of the product.

"Economic loss" is *not a proper measure* of damages for a breach of implied warranty against a manufacturer without first showing privity between the purchaser and the manufacturer. *American Ref-Fuel Co. of Niagara, L.P v. Gensimore Trucking Inc.*, No. 02 CV 814C, 2007 WL 2743449, *4-5 (W.D.N.Y. Sept. 18, 2007) (citations omitted and emphasis added) (New York courts have consistently held that to recover for economic loss based upon breaches of implied warranties, "the plaintiff must show that there was privity of contract with the manufacturer.") "[I]n non-personal injury actions, privity must necessarily exist because the creation of the warranty requires a direct exchange between buyer and seller." *Inter Impex S.A.E. v. Comtrade Corp.*, No.00 Civ. 0133, 2004 WL 2793213, *5 (S.D.N.Y. Dec. 6, 2004) (citing *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 249 (2d Cir.1986)). When there is no contract, and the "plaintiff has not come forward with any showing, *nor has it argued*, that privity somehow otherwise existed," a claim for breach of implied warranty for solely economic

loss must fail. *Id.* at 5 (citing *Leonard v. Tollycraft Corp.*, 1989 WL 1128247, at *5 (S.D.N.Y. Oct. 19, 1989) (emphasis added)).

Plaintiff alleges that he purchased his Product "at a Walgreen's in Glen Carbon, Illinois." (Compl. ¶ 11).    Plaintiff's breach of implied warranty claim does not aver *any* facts demonstrating privity between Plaintiff and Defendants, does not assert there is a contract between the parties, and does not seek personal injury or property damage for the alleged breaches of implied warranties.  (Compl. ¶¶ 42-44).  Thus, Plaintiff fails to state a claim upon which relief may be granted for Count III, breach of implied warranties, and the claim should be dismissed.

### 2.    Counts IV, Strict Liability, and Count V, Negligent Product Design Cannot Be Based On Only "Economic Loss" As Damages

Strict liability and negligent product design are common law torts, which are asserted against Defendants to support a claim solely for "economic loss."   (Compl. ¶¶ 47-48, 54). However, economic loss is not a proper measure of damages for these torts.  Both strict liability and negligent product design require a sufficient pleading demonstrating that Plaintiff's damages are based upon personal injuries or property damage.

With respect to strict liability, the Complaint alleges that "Plaintiff and other members of the Class may recover for purely economic loss ..." and "Plaintiff and members of the Class have been damaged and have suffered direct economic loss in that they purchased the products that were defective as set forth above." (Compl. ¶¶ 47-48).

Similarly, with respect to negligent product design, the Complaint alleges that "Plaintiff and other members of the Class have been damaged and have suffered direct economic loss in that they purchased products that were defective as set forth above." (Compl. ¶ 54).  Thus,

Plaintiff's claims for strict liability and negligent product design do *not assert any other damages* except for "economic loss." (Compl. ¶¶ 45-48, 49-54).

The aforesaid claims must be dismissed as a matter of law because "[t]here is no claim in tort for solely economic loss." *Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*, 157 Misc.2d 606, 611, 597 N.Y.S.2d 884, 887 (N.Y. Sup. 1993); *see also Four Directions Air, Inc. v. U.S.*, No. 5:06-CV-283, 2007 WL 2903942, *3 (N.D.N.Y. Sept. 30, 2007) (under the "economic loss rule," a negligence action seeking recovery for economic loss will not lie). New York courts consistently have held that economic loss is <u>not</u> an appropriate remedy for strict liability or negligence; rather, personal injury and/or property damage is the proper measure of damages for this tort. *E.g., Inter Impex S.A.E. v. Comtrade Corp.*, No.00 Civ. 0133, 2004 WL 2793213, *5 (S.D.N.Y. Dec. 6, 2004) (the general rule under New York law is that economic loss is not recoverable under a theory of negligence or strict products liability).

Recovery of economic loss for negligence is not permitted in the context of suits by purchasers against sellers of allegedly defective goods. *Consolidated Edison Co. of New York, Inc. v. Westinghouse Elec. Corp.*, 567 F. Supp. 358, 365 (S.D.N.Y. 1983) (opining a purchaser of a product can bargain for a warranty to protect himself against the risk of unsatisfactory performance of a product); *see also AKV Auto Transport, Inc. v. Syosset Truck Sales, Inc.*, 24 A.D.3d 833, 835, 806 N.Y.S.2d 254, 255-56 (3d Dep't 2005) (the economic loss rule provides that where only economic loss with respect to a product itself is alleged and the underlying transaction is a sale of goods, the purchaser is limited to its contractual remedies and may not maintain the traditional tort causes of action of negligence or strict products liability).

A court can dismiss a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for improperly alleging damages. *E.g., Inter Impex S.A.E. v. Comtrade Corp.*, No.00

Civ. 0133, 2004 WL 2793213, *5 (S.D.N.Y. Dec. 6, 2004) (granting a motion to dismiss on a negligence claim because it sought recovery for only economic loss) (citing *County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 62 (2d Cir. 1984) ("New York law holds that a negligence action seeking recovery for economic loss will not lie")).

As stated above, Plaintiff *does not assert any other damages* except for "economic loss" in his claims for strict liability and negligent product design. (Compl. ¶¶ 45-48, 49-54). Because New York courts hold "economic loss" is *not an appropriate measure of damages* for these causes of action, the Court should dismiss Counts IV and V.

**E.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AGAINST DEFENDANT CBS BROADCASTING INC.**

Plaintiff's Complaint fails to plead any claim against Defendant CBS Broadcasting Inc. For all of the common law torts and for the claim pursuant to N.Y. Gen. Bus. Law § 349, the Plaintiff must make statements "showing that the pleader is entitled to relief" and a "demand for the relief sought" against CBS pursuant to Rule 8(a)(2)(3) of the Federal Rules of Civil Procedure. "The purpose behind the Rule [8(a)] is to provide the defendant fair notice by disclosing the facts plaintiff relies on for recovery, to promote disposition of the case on its merits, and discourage disputes over mere form of statement." *Punsal v. Mount Sinai Services of Mount Sinai School of Medicine of New York Univ.*, No. 01 Civ 5410, 2004 WL 736892, 6 (S.D.N.Y. April 6, 2004). "A complaint's insufficiency under Rule 8(a) may provide the basis for a motion to dismiss under Rule 12(b)(6)." *E.g., U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 683 F. Supp. 1411, 1428 (E.D.N.Y. 1988).

The only allegation asserted directly against CBS states, "Defendant CBS, as owner of the CSI name and/or brand, directly or through a license, either designed, marketed, manufactured and/or sold said CSI kits." (Compl. ¶ 7). Plaintiff's Complaint contains no factual

allegations against CBS which demonstrate any liability in connection with the claims asserted in the Complaint. (Compl. ¶¶ 29-54). Merely alleging the existence of a license is insufficient to support the claims in Counts I-V. *Id.* Thus, CBS should be dismissed from all causes of action in Plaintiff's Complaint.

## CONCLUSION

**WHEREFORE**, Defendants Planet Toys and CBS respectfully request that the Court (a) grant Defendants' motion to dismiss the Complaint in its entirety; (b) alternatively, dismiss the Complaint against Defendant CBS Broadcasting Inc.; (c) grant Defendants the reasonable fees and expenses incurred by bringing this motion to dismiss; and (d) grant such other relief as the Court deems just, proper and equitable.

Dated: New York, New York
      March 26, 2008

                              Respectfully submitted,

                              **KANE KESSLER, P.C.**

                              By: _Lauren M. Dayton_
                                  S. Reid Kahn (SRK-1458)
                                  Lauren M. Dayton (LMD-9291)
                                *Attorneys for Defendants*
                                1350 Avenue of the Americas
                                New York, New York 10019
                                Phone: (212) 541-6222
                                Fax: (212) 245-3009

#285150.1